UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| MICHAEL PRATT | * | CIVIL ACTION NO. 15-0129 |
| | | SEC. P. |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| WARDEN KEITH DEVILLE, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss for failure to state a claim upon which relief can be granted, [doc. # 27], filed by Defendants Pamela Hearn and Elijah Bouthe. Plaintiff does not oppose the Motion. [*See* doc. # 30]. For reasons set forth below, it is recommended that the Motion be **GRANTED**.

## Background

*Pro se* plaintiff Michael Pratt filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 23, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. [doc. # 1]. He was incarcerated at the Madison Parish Correctional Center (MPCC) and complains of conditions of confinement at that facility. *Id.* He sued MPCC's Warden Keith Deville, Lt. Babtist, the "medical department," the "security department" and various unnamed members of the medical and corrections staffs. [doc. # 5]. In response to an April 16, 2015, court order [doc. # 10], Pratt amended his complaint on April 22, 2015, to add defendants LaSalle Management Corp, Pamela Hearn, Elijah Bouthe and Damon Williams. [doc. # 12].

With regard to the moving defendants, Plaintiff claims that Dr. Pamela Hearn and Elijah Bouthe, NP, did not administer his prescribed medication and failed to treat his anxiety. [doc. #

12, p. 1]. According to Plaintiff, he has experienced physical pain and suffering, mental anguish, and emotional disability as a result of the defendants' alleged actions. *Id.* He prays for an injunction and compensatory damages. *Id.* at 3.

On September 22, 2015, the moving defendants filed the instant Motion to Dismiss for failure to state a claim upon which relief can be granted. [doc. # 27]. Plaintiff was sent a Notice of Motion Setting to Madison Parish Correctional Center; however, the mail was returned as undeliverable. [doc. # 29]. Plaintiff sent the court notice of a change of address to Elayn Hunt Correctional Center on October 15, 2015, and the Notice of Motion Setting was resent to Plaintiff at his new address on October 16, 2015. [doc. # 30]. More than four weeks have passed since the new deadline to respond expired, and Pratt has still failed to oppose defendants' motion. Consequently, the motion is deemed unopposed.

## Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal,*

556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556.

In deciding whether the complaint states a valid claim for relief, a court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). However, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 678. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,* 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the motion to dismiss standard above, a "section 1983 complaint must state specific facts, not simply legal and constitutional

conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## Analysis

I.  **Medical Malpractice**

The moving defendants, Pamela Hearn and Elijah Bouthe, contend that Plaintiff's allegations against them should be dismissed because the claims are premature. [doc. # 27, p. 2]. Defendants argue that they are healthcare providers within the definition of the Louisiana Medical Malpractice Act ("LMMA") and therefore the claim must first be brought before a medical review panel. *Id.* at 4. If a lawsuit is filed in a matter governed by the LMMA prior to the outcome of the medical review board, the lawsuit must be dismissed. *See e.g., Richardson v. Advanced Cardiovascular Systems, Inc.*, 865 F.Supp. 1220, 1221 (E.D. La. 1994); *Miller v. Griffin–Alexander Drilling Co.*, 685 F.Supp. 960, 967 (W.D. La. 1988), *aff'd*, 873 F.2d 809, 814 (5th Cir. 1989); *Marcel v. Rehabcare Group, Inc.*, 2008 WL 4657258, at *2 (E.D. La. Oct. 20, 2008); *Roberts v. Russo*, 400 So.2d 354, 356 (La. App. 4th Cir. 1981) (*citing Everett v. Goldman*, 359 So.2d 1256 (La. 1978)); *Todd v. Angelloz*, 844 So.2d 316, 318-20 (La. App. 1 Cir.); *Williamson v. Hosp. Service District No. 1 of Jefferson*, 888 So.2d 782, 785 (La. 2004).

The LMMA requires a person alleging a malpractice claim against a qualified health care provider to submit the claim to a medical review panel prior to filing a lawsuit. *Hutchinson v. Patel*, 637 So.2d 415, 419 (La. 1994) (citing LA. REV. STAT. ANN. § 40:1299.47) ("[N]o action for malpractice against a qualified health care provider . . . may be commenced in a court of law before the complaint has been presented to a medical review panel and the panel has rendered its expert opinion on the merits of the complaint, unless the parties agree to waive this requirement."). Malpractice is defined as "any unintentional tort or any breach of contract based

4

on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient." LA. REV. STAT. ANN. § 40:1299.41(A)(9); *see also Bauman Tenet Health Systems Hospitals*, Inc., 2000 WL 1219151, *4 (E.D. La. Aug. 25, 2000) ("malpractice actions are based on negligence and seek to compensate victims for injuries suffered when health care providers breach the applicable standard of care."). A healthcare provider is "a person . . . licensed or certified by this state to provide health care or professional services as a physician." LA. REV. STAT. ANN. § 40:1299.41(A)(10).

Plaintiff's medical malpractice claims against Pamela Hearn and Elijah Bouthe are claims covered by the Louisiana Medical Malpractice Act. Pratt merely alleges that Pamela Hearn and Elijah Bouthe failed to administer prescribed medication and left his anxiety untreated. [doc. # 12, p. 1]. Hearn and Bouthe are qualified health care providers, as evidenced by the letter from the Louisiana Patient's Compensation Fund confirming their status as such. [doc. # 27-1].

In addition, Pratt has neither alleged nor provided any evidence that he submitted his claim against the moving defendants to a medical review panel or that the parties agreed to waive this requirement, as mandated by the Louisiana Medical Malpractice Act, before he filed his complaint in this court. Therefore, Plaintiff's malpractice claims against Pamela Hearn and Elijah Bouthe must be dismissed without prejudice for failure to exhaust administrative remedies.

## II.     Deliberate Indifference

Although not asserted by Defendant as grounds for dismissal, to the extent Plaintiff asserts a claim for deliberate indifference to his medical needs under 28 U.S.C. § 1983, Plaintiff has failed to plead sufficient facts to state a claim upon which relief can be granted against defendants Pamela Hearn and Elijah Bouthe. Plaintiff asserts that Pamela Hearn and Elijah

Bouthe failed to administer prescribed medication and left his anxiety untreated. [doc. # 12, p. 1].

As a convicted inmate, Plaintiff's claim for inadequate medical care is analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment. To establish liability, an inmate must adduce facts which "clearly evince" a serious medical need and the prison official's deliberate indifference to it. *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Deliberate indifference in the context of an episodic failure to provide reasonable medical care to a prisoner means that: (1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm occur. *Thompson v. Upshur County, Tx.*, 245 F.3d 447, 458-59 (5th Cir. 2001). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not, is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). "[A] delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and results in substantial harm." *Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (internal quotation marks omitted).

To establish deliberate indifference to medical needs, a plaintiff must show that the official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or

6

engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). An incorrect diagnosis by medical personnel or medical malpractice does not amount to deliberate indifference. *Id.* Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference.

Here, Plaintiff alleges that Pamela Hearn and Elijah Bouthe failed to administer prescribed medication and left his anxiety untreated. [doc. # 12, p. 1]. Plaintiff complains that both Hearn and Bouthe were aware he was in pain, and stated they would try to send him to a medical facility. *Id.* Plaintiff believes that this delay in medical treatment and medication is due to budgetary concerns. *Id.* These allegations fall short of stating a claim for deliberate indifference.

In any event, in order to allege a violation of the Eighth Amendment plaintiff must not only demonstrate deliberate indifference on the part of the defendants, but he must also demonstrate that the deliberate indifference resulted in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Plaintiff does not specify what injury he has or the source of the pain, only that "[Hearn and Bouthe] have admitted I'm hurt. [doc. # 12, p. 1].

## Conclusion

For the above-assigned reasons,

**IT IS RECOMMENDED** that the Moving Defendants' unopposed Motion to Dismiss, [doc. # 27], be GRANTED, that Plaintiff's medical malpractice claim against the Moving Defendants be **DISMISSED WITHOUT PREJUDICE,** and that his claims under 28 U.S.C. § 1983, be **DISMISSED WITH PREJUDICE**, pursuant to FED. R. CIV. P. 12(b)(6).

.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 8th day of December, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE